IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Criminal Action No. 1:14-cr-77-1

ANTONIO DEJESUS,

    Defendant.

## OPINION/ REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Antonio DeJesus, in person and by counsel, Deanna Pennington, appeared before me on December 8, 2014. The Government appeared by Assistant United States Attorney Shawn Morgan. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that a prior agreement called for Defendant to plead guilty to Count Three of the Indictment,

which charged him with distribution of heroin within 1,000 feet of a protected location. Such charge carries a mandatory minimum sentence of one (1) year. The Government proffered that the instant plea agreement is more favorable to Defendant because it allows him to avoid a mandatory minimum sentence. The Government further stated that the parties understand that Defendant may be classified as a career offender, and should he be so designated, the current plea agreement provides for a Guidelines range that is two (2) levels lower than that which would have applied under the prior offer. Counsel for Defendant indicated that she had discussed both plea agreements with Defendant and agreed that the instant agreement is more favorable to Defendant. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed and found the requirements of Missouri v. Frye, 132 S. Ct. 1399 (2012), to be satisfied.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and

voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Antonio DeJesus, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count One of the Indictment and the elements the Government would have to prove, charging him with conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

| | |
|---|---|
| Ct. | Now, under your agreement, you waive your right to appeal, you waive your right to collaterally attack the sentence that's being imposed against you. I want to go over those. They're found in paragraph 13 of your written plea agreement. Do you have that in front of you sir? |
| Def. | Yes. |
| Ct. | Do you understand that under 18 U.S.C. § 3742, you have the right to appeal the sentence which is imposed against you by the District Judge? |
| Def. | Yes. |
| Ct. | Do you also understand that under 28 U.S.C. § 2255, you may file a motion collaterally attacking or challenging the sentence and how that sentence is being carried out? |
| Def. | Yes. |
| Ct. | Do you understand that to be commonly called a writ of habeas corpus type motion? |
| Def. | Yes. |
| Ct. | Do you understand that under paragraph 13(A), that in exchange for the concessions made by the United States in the plea agreement, you waive your right to appeal any conviction, the order, and any sentence that is within the maximum provided by the statute of conviction, in other words the 20 years, or the manner in which that sentence was determined, on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742? |
| Def. | Yes. |
| Ct. | Furthermore, in exchange for the concessions made by the United States, you waive the right to challenge the conviction or sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255? |
| Def. | Yes. |

Ct. Now, the only thing you can raise later on is ineffective assistance of counsel or prosecutorial misconduct that you discover existed after today, is that your understanding also?

Def. Yes, sir.

Ct. Do you know of any prosecutorial misconduct as you sit here today?

Def. No, sir.

Ct. Do you know of any ineffective assistance of counsel as you sit here today?

Def. No, sir.

Ct. Do you intend to give up the rights as set forth in paragraph 13 of your written plea agreement?

Def. Yes, sir.

Ct. And did you fully discuss that paragraph with your lawyer?

Def. Yes.

Ct. Has anything about your understanding of that paragraph changed since you signed the agreement on November 19th, and today, which is December 8th?

Def. No, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained

the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher

sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court heard the testimony of Detective Mark Rogers of the Bridgeport Police Department, who is currently assigned to the Greater Harrison County Drugs and Violent Crimes Task Force. Detective Rogers stated that on August 11, 2014, he received information from Detective Chris Willis of the Clarksburg Police Department. Detective Willis indicated that he had been investigating several drug overdoses that had occurred the previous weekend. He stated that one of the victims had been supplied by an individual known as "Tone," Defendant's alias, and that Defendant lived on College Street in Clarksburg, West Virginia, within the Northern District of West Virginia. Detective Rogers worked with two confidential informants ("CI") to make digitally recorded controlled buys of heroin from Defendant and his wife, co-defendant Alicia Radel. Those buys occurred at 411 College Street, Clarksburg, where Defendant and his wife resided. Those buys form the basis of Counts Two through Five of the Indictment and occurred from August to September, 2014. The DEA laboratory confirmed that the substances of those buys contained heroin, a Schedule I controlled substance. In September 2014, officers executed a search warrant at Defendant's residence, where they seized twenty-three (23) bundles of heroin, $5,146.00, and a motorcycle.

Defendant stated he heard, understood, and did not disagree with Detective Rogers' testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count One of the

7

Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by Detective Rogers' testimony.

Thereupon, Defendant, Antonio DeJesus, with the consent of his counsel, Deanna Pennington, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count One of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count One; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by Detective Rogers' testimony which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal Service pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 10th day of December, 2014.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE